UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN DANIELLE BULLARD<br><br>Plaintiff,<br><br>v.<br><br>R. ST. ANDRA, et al.,<br><br>Defendants. | CASE NO. 1:17-cv-00328-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS**<br><br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 9.) Defendants declined to consent to Magistrate judge jurisdiction. (ECF No. 20.)

On June 16, 2016, the Court screened Plaintiff's first amended complaint (ECF No. 8) and found it states cognizable Eighth Amendment claims against CO Jane Doe and CO Benson; a conspiracy claim against CO Jane Doe and CO Benson; and a First Amendment retaliation claim against CO Davis. (ECF No. 10.) Although not expressly stated, the remaining claims apparently were dismissed for failure to state a claim. The

action since has proceeded only on the cognizable claims.

**I.     Williams v. King**

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a claim with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were not yet served at the time that the Court screened the first amended complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because Defendants had not consented, the undersigned's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless stands by the analysis in his previous screening order, he will below recommend to the District Judge that the non-cognizable claims be dismissed.

**II.    Findings and Recommendations on First Amended Complaint**

   **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Pleading Standard**

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**C.     Plaintiff's Allegations**

Plaintiff complains of conduct occurring while he was housed at High Desert State Prison ("HDSP") in Susanville, California, and then at Corcoran State Prison ("CSP") in Corcoran, California. Plaintiff names HDSP Correctional Officer ("CO") Benson and CO Jane Doe. He also names CSP CO B.W. Davis.

Plaintiff's claims may be fairly summarized as follows:

On November 25, 2015, while housed at HDSP, Plaintiff was escorted by CO Benson to Receiving and Release ("R&R") pending transfer to CSP. Once at R&R, CO

Benson commented to CO Jane Doe, "I think inmate Bullard is walking weird." Plaintiff claims this was a "false assumption that plaintiff had some form of contraband." If the COs did suspect contraband, Plaintiff claims they should have placed him on "potty watch." Instead, CO Jane Doe said, "We'll give him the old treatment." These two officers took Plaintiff to a private room where CO Benson held Plaintiff down while CO Jane Doe stuck a finger inside Plaintiff's rectum. Afterward, CO Jane Doe said, "I don't think he'll walk weird anymore." Plaintiff asserts that the COs' "cruel intentions" are further demonstrated by CO Benson asking "Did you strike gold?"

Following his transfer to CSP, Plaintiff initiated a staff complaint against HDSP COs Benson and Jane Doe. Plaintiff's grievance was processed by CSP staff members.

On February 18, 2016, CO Davis approached Plaintiff's cell to escort him to a doctor's appointment. At the cell door, CO Davis asked "Ain't you the Bullard who filed a 602 against high desert staff?" Plaintiff told CO Davis that any complaints filed by him are none of the officer's business. CO Davis then walked away from Plaintiff's cell door and said, "You just refused doctor's line." Plaintiff claims this was in retaliation for his grievance.

Plaintiff seeks damages.

**D.      Analysis**

     **i.      Eighth Amendment**

          **a.      Sexual Harassment or Abuse**

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (alteration in original) (internal quotation marks omitted) (quoting Ingraham v. Wright, 430

4

U.S. 651, 670 (1977)). "The alleged pain may be physical or psychological." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993)).

A contraband search may fall under the constitutional protections of the Eighth Amendment "[i]f the search were conducted for purposes unrelated to security considerations" or otherwise is not reasonably related to a legitimate penological need. Buckley v. Alabama, 2012 WL 6570430 (E.D. Cal. 2012), citing Tribble v. Gardner, 860 F.2d 321, 325 n.6 (9th Cir. 1988). A contraband search in the absence of security reasons warrants an inference of an intent to punish. See Tribble, 860 F.2d at 325 n.6; see also Meriwether v. Faulkner, 821 F.2d 408, 418 (7th Cir. 1987) ("The Eighth Amendment's prohibition against cruel and unusual punishment stands as a protection from bodily searches which are maliciously motivated, unrelated to institutional security, and hence 'totally without penological justification.'"). In Bell v. Wolfish, the Supreme Court observed that a search conducted in an abusive fashion "cannot be condoned .... [and therefore,] ... must be conducted in a reasonable manner." 441 U.S. 520, 560 (1979).

"[R]ectal searches are highly intrusive and humiliating." Tribble, 860 F.2d at 324. Indeed, "rectal searches are one of the most intrusive methods of detecting contraband." Id. at 325. To substantiate a rectal search, "the government must show that a legitimate penological need necessitated the search." Id. Without a legitimate penological need, such sexual contact is "simply not part of the penalty that criminal offenders pay for their offenses against society," Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir.2000), and "is deeply offensive to human dignity." Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir. 1991). Therefore, where uninvited sexual contact is totally without penological justification, even though it does not produce serious injury, it results in the gratuitous infliction of suffering, which violates contemporary standards of decency and the Eighth Amendment. See Calhoun v. Detella, 319 F.3d 936, 939 (7th Cir. 2003).

However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9 (citation omitted). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (some internal quotation marks omitted).

Plaintiff first accuses CO Jane Doe of violating his rights when she inserted a finger in Plaintiff's rectum. Although the allegations suggest a penological purpose for this conduct, Plaintiff claims this was pretext to humiliate him. In other words, while CO Jane Doe conducted the search ostensibly on the ground that Plaintiff was "walking weird," Plaintiff denies this and states that a true contraband search would have involved a "potty watch," not a cavity search. Based on these allegations, the Court finds that Plaintiff has asserted an actionable claim against CO Jane Doe. Cf. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (holding that prison officials who were alleged to have abused the gang validation process to retaliate against the plaintiff could not assert that the validation served a legitimate penological purpose even if the inmate arguably should have been validated absent retaliation).

### b. Failure to Protect

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a "sufficiently culpable state of mind . . . one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be

aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

Plaintiff accuses CO Benson of failing to intervene when CO Jane Doe conducted a rectal search. Having found that Plaintiff states a viable Eighth Amendment claim against CO Jane Doe, and considering the allegation that CO Benson held Plaintiff down while CO Jane Doe conducted the cavity search, the undersigned finds that Plaintiff has also stated an actionable failure to protect claim against CO Benson.

### ii. Conspiracy

A civil conspiracy is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage. Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999). "Conspiracy is not itself a constitutional tort under § 1983, and it does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc).

For a section 1983 conspiracy claim, "an agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown." Woodrum v. Woodward Cnty., 866 F.2d 1121, 1126 (9th Cir. 1989). However, "[d]irect evidence of improper motive or an agreement to violate a plaintiff's constitutional rights will only rarely be available. Instead, it will almost always be necessary to infer such agreements from circumstantial evidence or the existence of joint action." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1302 (9th Cir. 1999). Therefore, "an agreement need not be overt, and may be inferred on the basis of circumstantial evidence such as the actions of the defendants." Id. at 1301.

Plaintiff accuses Defendants CO Benson and CO Jane Doe of conspiring to violate his rights. Per Plaintiff, CO Benson told CO Jane Doe that Plaintiff was walking weird, which Plaintiff denies. In response, CO Jane Doe said, "We'll give him the old treatment." These two officers then took Plaintiff to a private room where CO Benson held Plaintiff down while CO Jane Doe stuck a finger inside Plaintiff's rectum. Afterward, CO Jane Doe said, "I don't think he'll walk weird anymore," and CO Benson asked "Did you strike gold?" These allegations are sufficient to proceed on a conspiracy claim against these Defendants.

### iii. First Amendment

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, pursuing a civil rights legal action is protected activity under the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff accuses CO Davis of refusing to escort Plaintiff to a doctor's appointment after asking if Plaintiff filed a sexual assault grievance against HDSP staff. These allegations are sufficient to suggest an improper motive and to suggest that CO Davis's decision to leave without escorting Plaintiff to a medical appointment did not advance a legitimate goal. The Court further finds that the refusal of an officer to escort an inmate to a medical appointment in retaliation for the filing of a grievance would chill or silence a person of ordinary firmness from filing future complaints. Accordingly, Plaintiff states a retaliation claim against CO Davis.

### iv. Equal Protection

Plaintiff accuses CO Jane Doe of violating his right to Equal Protection when she inserted a finger in Plaintiff's rectum.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were

intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff does not allege membership in any identifiable protected class or include facts suggesting that Defendants' conduct was based on any such membership. Nor does he allege facts to suggest he was treated differently from others who are similarly situated without a rational basis for such distinction. The allegation fails to state a claim.

### v. Doe Defendants

With respect to the Doe defendants, Plaintiff is again advised that the use of fictitiously named Doe defendants is generally not favored. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, amendment is allowed to substitute true names for fictitiously named defendants. Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).

Plaintiff is further advised that even though the Court finds that Plaintiff has stated a claim against CO Jane Doe, service will not occur until this Defendant is identified by name.

## III. Conclusion

In sum, Plaintiff's first amended complaint states Eighth Amendment claims against CO Jane Doe and CO Benson; a conspiracy claim against CO Jane Doe and CO Benson; and a First Amendment retaliation claim against CO Davis. Accordingly, IT IS HEREBY RECOMMENDED that this action continue to proceed only Plaintiff's Eighth Amendment claims against CO Jane Doe and CO Benson; conspiracy claim against CO Jane Doe and CO Benson; and First Amendment retaliation claim against CO Davis; and that all other claims and defendants be DISMISSED with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and

recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: February 22, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE