| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| EFREN DANIELLE BULLARD,<br><br>Plaintiff,<br><br>v.<br><br>R. ST. ANDRA, et al.,<br><br>Defendants. | CASE NO. 1:17-cv-00328-LJO-MJS(PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**<br><br>(ECF No. 24) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The action proceeds on Eighth Amendment claims against CO Jane Doe and CO Benson; a conspiracy claim against CO Jane Doe and CO Benson; and a First Amendment retaliation claim against CO Davis. (ECF No. 10.)

Before the Court is the Defendants' February 16, 2018, motion for a protective order, filed in conjunction with Defendants' motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 24; see also ECF No. 23.) Plaintiff filed a statement of non-opposition. (ECF No. 27.)

1

The Defendants request that the Court stay all discovery in this matter, except that pertaining to exhaustion, until the Court rules on Defendants' motion for summary judgment.

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170–71 (9th Cir. 2014) (en banc), cert. denied, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C–13–0860 THE (PR), 2014 WL 172187, at *2–3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendant is entitled to move for judgment on the issue. Albino, 747 F.3d at 1166.

The Court finds that judicial economy is best served by staying discovery until after the Court rules on Defendants' pending motion (ECF No. 23) for summary judgment for failure to exhaust available administrative remedies. Plaintiff does not oppose the stay. Accordingly, this motion is GRANTED.

IT IS SO ORDERED.

Dated: March 20, 2018        /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE