UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN DANIELLE BULLARD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R. ST. ANDRA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:17-cv-0328-LJO-JDP<br><br>ORDER REQUESTING ASSISTANCE OF KERN VALLEY STATE PRISON LITIGATION COORDINATOR IN FACILITATING PLAINTIFF'S LAW LIBRARY ACCESS<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING ACCESS TO THE LAW LIBRARY<br><br>(Doc. No. 36.)<br><br>FOURTEEN-DAY OBJECTION DEADLINE<br><br>CLERK TO SERVE COPY OF THIS ORDER ON KERN VALLEY STATE PRISON LITIGATION COORDINATOR |

   Plaintiff Efren Bullard is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's first amended complaint against (1) defendant Correctional Officer ("CO") Jane Doe for conspiracy and violation of the Eighth Amendment; (2) defendant CO Benson for conspiracy and violation of

the Eighth Amendment; and (3) defendant CO David for retaliation under the First Amendment.

I. **Procedural Background**

Plaintiff is currently incarcerated at Kern Valley State Prison in Delano, California. (First Am. Compl. ("FAC"), Doc. No. 8, at 1.) His claims arise from events that took place at the High Desert State Prison ("HDSP") in Susanville, California, (*id.* at 11), and then at Corcoran State Prison ("CSP") in Corcoran, California, (*id.* at 34). On April 20, 2018, plaintiff filed a motion requesting a court order to allow plaintiff monthly access to the law library. (Doc. No. 36.) This motion is construed as seeking injunctive relief directing action by a non-party.

II. **Discussion**

Plaintiff asks the court to order that he be provided "meaningful" access to the prison law library to enable him to litigate this case. (Doc. No. 36.) In particular, plaintiff asks for "[l]egal duplicating services," "a copy of all incoming and outgoing legal mail," and sufficient opportunities physically to access the law library. (*Id.* at 1-3.)

Federal courts are courts of limited jurisdiction. The pendency of this action does not give the court jurisdiction over prison officials in general and does not enable the court to provide relief that is not the subject of the operative complaint. *See Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which the action proceeds. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969. A court should not issue an injunction when the relief sought is not of the same character as that sought in the underlying action and the injunction deals with a matter lying wholly outside the issues in the underlying action. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Moreover, while "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration*

*Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff's motion must be denied because the court lacks personal jurisdiction over officials at Kern Valley State Prison. The undersigned additionally notes that the requested relief is not of the same character as that requested in plaintiff's complaint.

Nevertheless, the court is cognizant that plaintiff's ability meaningfully to access the law library may impact his ability to litigate this action in a timely and effective manner. Accordingly, the court will request the assistance of the Litigation Coordinator at Kern Valley State Prison in ensuring that plaintiff is afforded adequate opportunities to access the law library, to the extent doing so is consistent with institutional order and security. *See Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) ("Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." (internal quotation omitted)). The clerk's office will be directed to serve a copy of this order on the Litigation Coordinator.

### III. Conclusion, Order, and Recommendation

Based on the foregoing, it is HEREBY ORDERED that

1. The clerk's office shall serve a copy of this document on the Litigation Coordinator at Kern Valley State Prison.
2. The Litigation Coordinator's assistance is requested in facilitating plaintiff's meaningful access to the law library.

Further, it is HEREBY RECOMMENDED that plaintiff's motion for an order directing Kern Valley State Prison to provide plaintiff with access to the law library (Doc. No. 36) be DENIED for lack of jurisdiction.

The undersigned submits the findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, plaintiff may file written objections to the findings and recommendations

3

with the court and serve a copy on all parties.  That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).  Plaintiff's failure to file objections within the specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: \_\_\_August 17, 2018\_\_\_  _____
UNITED STATES MAGISTRATE JUDGE