1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EFREN DANIELLE BULLARD,                   Case No. 1:17-cv-00328-LJO-JDP

12          Plaintiff,
                                               ORDER DENYING MOTION FOR
13                  v.                         APPOINTMENT OF COUNSEL

14   BENSON, *et al.*,
                                                (Doc. No. 49.)
15          Defendants.

16

17          Plaintiff Efren Danielle Bullard is proceeding without counsel in this civil rights action

18   brought under 42 U.S.C. § 1983.   The action proceeds on plaintiff's cognizable claims for (1)

19   violation of the Eighth Amendment against Corrections Officer ("CO") Jane Doe and CO

20   Benson; (2) conspiracy against CO Jane Doe and CO Benson; and (3) First Amendment

21   retaliation against CO Davis.  (Doc. Nos. 10, 12.)  On September 5, 2018, plaintiff filed a motion

22   seeking the appointment of counsel.  (Doc. No. 49.)

23          Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand*

24   *v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*

25   *banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to

26   represent plaintiff.  *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S.

27   296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C.

28
                                               1

§ 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. Though plaintiff did not graduate from high school, has a speech impediment, and has been diagnosed with depression (Doc. No. 49, at 2, 4), the allegations in the complaint are not exceptionally complicated. Based on a review of the record, it is not apparent that plaintiff is unable to articulate his claims adequately. Further, at this stage in the proceedings, the court cannot determine whether plaintiff is likely to succeed on the merits.

For the foregoing reasons, plaintiff's motion for the appointment of counsel (Doc. No. 49) is denied without prejudice.

IT IS SO ORDERED.

Dated:    September 10, 2018    

UNITED STATES MAGISTRATE JUDGE