UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN DANIELLE BULLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>BENSON, *et al.*,<br><br>    Defendants. | Case No. 1:17-cv-00328-LJO-JDP<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>ECF No. 53<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.   RELIEF REQUESTED**

Plaintiff Efren Danielle Bullard is proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On October 15, 2018, plaintiff filed a proposed order[1] requiring defendants Benson, Jane Doe, and David to show cause why a preliminary injunction should not be issued in this case to enjoin:

> the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them, from, 1. From harassing plaintiff as alle[]ged in the complaint. 2. From sexually assaulting plaintiff. 3. Retaliating against plaintiff for using the gre[i]vance system. 4. Attempting to have

---

[1] Plaintiff states that he filed "supporting affidavits of plaintiff and [a] memorandum of law" with his proposed order, ECF. No. 53, at 1, but these documents were not received by the clerk of court.

1

>inmates/third parties, actors harassing or otherwise retaliating against plaintiff for using the gre[i]vance system. . . . [5.] [C]oming within 100 yards of plaintiff.

ECF. No. 53.

## II. LEGAL STANDARD

A federal district court may issue injunctive relief only if the court has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (requiring injunctive relief to be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation*

2

*Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

### III. ANALYSIS

As a preliminary matter, plaintiff frames his motion as a proposed order to show cause why a preliminary injunction and temporary restraining order should not issue. The court construes plaintiff's filing as a request for a preliminary injunction under Federal Rule of Civil Procedure 65.

The court will recommend that plaintiff's motion for injunctive relief be denied because plaintiff has not established any of the four factors outlined in *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015). Plaintiff's proposed order, which is a single page in length, does not provide any justifications for why a preliminary injunction should issue. In it, plaintiff states that he filed "supporting affidavits of plaintiff and [a] memorandum of law," ECF. No. 53, at 1, but these documents were not received by the clerk of court. Should plaintiff wish to refile his motion for a preliminary injunction with the proper supporting documents, he may do so.

### IV. FINDINGS AND RECOMMENDATIONS

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief, ECF No. 53, be DENIED.

These findings and recommendations will be submitted to the U.S. district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days of service of these findings and recommendations, plaintiff may file written objections with the court. If plaintiff files such objections, he should do so in a document captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     October 19, 2018

_____
UNITED STATES MAGISTRATE JUDGE

4