UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN D. BULLARD,<br><br>Plaintiff,<br><br>v.<br><br>FNU BENSON, C LOVE, B.S. DAVIS, FNU KISTER-COOPER,<br><br>Defendants. | No. 1:17-CV-00328-NONE-HBK (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>Doc. No. 95 |

Pending before the Court is Plaintiff's (third) motion to appoint counsel (Doc. No. 95), filed December 22, 2020. Plaintiff states he requires counsel due to the pending trial and because he takes psychotropic medications to treat his mental illnesses. The Court previously denied Plaintiff's previous motions for appointment of counsel. See Doc. Nos. 51, 86.

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this Court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people

1

unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir. 1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The Court may consider many factors including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved, to determine if exceptional circumstances warrant appointment of counsel.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Here, the Court does not find exceptional circumstances at this time to warrant appointment of counsel for Plaintiff.  Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.  While the Court is sensitive to Plaintiff's claimed mental illness, a review of the docket reveals Plaintiff to date has adequately prosecuted this case.  Further, a trial in this case is not proceeding currently.  A settlement conference is scheduled to take place on March 25, 2021.  *See* Doc. 102.  Consequently, the Court may revisit this issue at a later stage of the proceedings if the interests of justice so require.

**Accordingly:**

Plaintiff's motion for the appointment of counsel (Doc. No. 95) is denied, without prejudice.

IT IS SO ORDERED.

Dated:   January 28, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE