IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN DANIELLE BULLARD,<br><br>                              Plaintiff,<br><br>         v.<br><br>BENSON, et al.,<br><br>                              Defendants. | Case No. 1:17-cv-0328-NONE-HBK (PC)<br><br>ORDER DENYING AND GRANTING INAPRT DEFENDANTS' MOTION TO EXCUSE DEFENDANTS FROM ATTENDING SETTLEMENT CONFERENCE<br><br>(Doc. No. 103). |

   Pending before the Court is a Motion to Excuse Defendants from Attending the Settlement Conference, and supporting declaration from attorney Sloan, filed January 28, 2021. (*See* Doc. No. 103, Motion; Doc. No. 103-1, Decl. Sloan).

   A settlement conference is currently scheduled to occur on March 25, 2021. *See* Doc. No. 101. Defendants note that the court's order setting the settlement conference requires the three individual defendants to attend the conference, unless the court otherwise permits in advance to have a party not to attend. Motion at 1 (citing Doc. No. 101). Defendants correctly submit that Fed. R. Civ. P. 16(c)(1) provides the Court *may* require individual defendants attend pre-trial

conferences and settlement conferences, but further point out that historically in the Eastern District of California individual defendants have *not* attended prisoner settlement conferences because the individual defendants are not necessary for effective settlement negotiations. *Id.* at 3 (emphasis added); *see also* Dec. Sloan at 1-2.  Nor are the individual defendants' presence required to have an effective settlement agreement.  *Id.*  Additionally, defendants note that the CDCR is responsible for paying any settlement sums, alleviating the need for the individual defendants to be present, or to authorize settlement. Motion at 1-2; *see also* Decl. Sloan at 1-2.  Based on the foregoing defendants request to be excused.  Motion at 3 (citing *United States v. U.S. Dist. Court for Northern Mariana Islands*, 694 F.3d at 1061 (9th Cir. 2012) (finding district court abused its discretion when requiring person with full settlement authority to attend pretrial conference where settlement was discussed).

The Ninth Circuit Court of Appeals in *Northern Marianna Islands* ultimately agreed with the Fifth Circuit Court of Appeals to find where there has been no record of dilatory or evasive tactics by either party that the district court "should take a 'practical approach' to determine whether to require the government to send a representative with full settlement authority to a pretrial conference and should consider less drastic steps before doing so," considering whether a representative may be effectively available during a settlement conference without physical attendance.)  *Id.*  at 1061.  The court is sensitive to defendant's position that the individual defendants have not historically been required to attend settlement conferences in prisoner cases in the Eastern District of California.  However, *United States v. U.S. Dist. Court for Northern Mariana Islands* supports this court's decision to require certain if the defendants attend the settlement conference by zoom.  Unlike *Marianna Islands*, the instant case has been pending for four years.  Also, a prior settlement conference in this case before another magistrate judge already resulted in an *impasse*.  *See* docket; *see also* Doc. No. 59 (settlement conference), Doc. No. 63 (writ for prisoner plaintiff transport); Doc. No. 65 (noting impasse from settlement).  This court believes that the parties' view of the case may be altered during a face-to-face conference, albeit by zoom due to the covid-19 pandemic, and other courts have agreed with this view.  *See generally Pitman v. Brinker Intern, Inc.*, 216 F.R.D. 481, 486 (D. Az. July 8, 2003) (requesting representative with full

settlement authority, not capped authority <u>and</u> the parties to attend); *Bartholomew v. Burger King Corp.*, Case No. 11-00613 -JMS-BMK, 2014 WL 7419854 *2 (D. Hawaii, Dec. 30, 2014).  The court finds the benefits of bringing the parties to the table so-to-speak on zoom for a settlement conference outweigh the burden and is practical.  Having reviewed the record, the court finds having the ability to speak to defendants Kister-Cooper and Benson necessary for the court to be able to effectively and accurately mediate any settlement of this matter.  The court will excuse defendant David's attendance from the March 25, 2021 settlement conference.

Accordingly, it is **ORDERED**:

Defendants' Motion to Excuse Defendants from Attending Settlement Conference (Doc. No. 103) is **GRANTED in part and DENIED in part.**  Defendant David is excused from appearing at the March 25, 2021 settlement conference.  Defendants Kister-Cooper and Benson are required to appear by zoom for the March 25, 2021 settlement conference.  It is the court's preference that defendants Kister-Cooper and Benson appear by zoom, but the court will permit their attendance telephonically if zoom is physically not available.  Counsel should contact chambers (kdunbar-kari@caed.uscourts.gov) at least 24 hours before the scheduled settlement conference if either defendant Kister-Cooper or Benson will <u>not</u> be appearing by zoom.

IT IS SO ORDERED.

Dated:   March 17, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE