UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFREN DANIELLE BULLARD,<br><br>              Plaintiff,<br><br>       v.<br><br>BENSON, ET AL.,<br><br>              Defendants. | Case No.  1:17-cv-00328-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO FIND DEFENDANTS IN BREACH OF SETTLEMENT AGREEMENT<br><br>(Doc. No.  117) |

　　　　Plaintiff Efren Danielle Bullard is a state prisoner and proceeds *pro se* and *in forma pauperis* in this closed civil rights action pursuant to 42 U.S.C. § 1983.  *See* Order dated May 24, 2021, directing Clerk of Court to close action based upon parties' notice of voluntary dismissal with prejudice under Fed. R. Civ. P. 41 (a)(1)(A)(ii) (Doc. No. 115).  Pending before the Court is Plaintiff's motion for breach of settlement agreement and release filed November 18, 2021.  (Doc. No. 117).  Plaintiff contends that Defendants are in default of the settlement agreement.  (*Id*.).  Defendants filed an opposition and Plaintiff filed a reply.  (Doc. Nos. 118, 119).  After obtaining leave, Defendants filed a surreply with exhibits.  (Doc. Nos. 120, 120-1).  For the reasons set forth below, the undersigned recommends the district court deny the motion.

　　　　Plaintiff contends that Defendants failed to deposit the $2,250 settlement funds into his inmate trust account within 180 days from the date Plaintiff delivered the signed settlement

agreement and related forms to Defendants, which was a violation of the settlement agreement. (Doc. No. 117 at 1). Plaintiff acknowledges that the funds were to be credited toward his restitution. (*Id*.). As relief, Plaintiff asks that the Defendants be fine $100 a day for every day they are late with payment. (*Id*.).

In opposition, Defendants state the $2,250 settlement funds were disbursed by the State Comptroller's Office via warrant 04689828, deposited into Plaintiff's inmate trust account and credited to Plaintiff's restitution account on November 19, 2021. (Doc. No. 118, ¶7). In reply, Plaintiff attaches copy of his inmate trust account statement which reflects all transactions in his inmate trust account ending December 1, 2021. (Doc. No. 119 at 3). Plaintiff's December 1, 2021, inmate trust fund statement does not reflect a $2,250 deposit and reflects only a $.03 credit toward Plaintiff's restitution balance. In its surreply, Defendants attach the declaration of counsel and a copy of Plaintiff's inmate account ending December 16, 2021. (Doc. Nos. 120, 120-1). Counsel explains that although the funds were disbursed on November 19, 2021, the funds only "became viewable on Plaintiff's inmate trust account statement on December 2, 2021." (Doc. 120-1, ¶12). Indeed, Plaintiff's inmate trust account statement for the period ended December 16, 2021, reflects $2,250 deposited as of December 2, 2021, of which $2,167.88 was applied toward Plaintiff's restitution balance. (Doc. No. 120-1 at 12).

On December 27, 2021, the Court afforded Plaintiff an opportunity to withdraw his motion for breach of the settlement agreement in light of Defendant's surreply evidencing that the full amount of the settlement was deposited. (Doc. No. 121). Plaintiff did not withdraw his motion nor file any other pleading to dispute that the full amount of the settlement was deposited into his inmate trust fund account on December 2, 2021, as evidenced by his inmate fund trust statement ended December 16, 2021. Based upon the uncontroverted evidence submitted by Defendants, Defendants deposited $2,250 into Plaintiff's inmate trust fund account on December 2, 2021[1] and did not breach the settlement agreement.

---

[1] Notably the settlement agreement informed Plaintiff that "CDCR will make a **good faith effort** to pay the settlement amount (minus any restitution amounts, liens and fees) within 180 days from the date Plaintiff delivers to Defendants a signed settlement agreement." (Doc. No. 118, ¶3) (emphasis added). Based on the December 2, 2021, payment date, it appears that the funds were deposited less than two weeks beyond the 180-day "good faith" time limit.

Accordingly, it is **RECOMMENDED**:

Plaintiff's motion for breach of settlement agreement (Doc. No. 117) be DENIED.

### NOTICE TO THE PARTIES

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   March 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE